UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
At PADUCAH

FILED
JAMES J. VILT, JR. - CLERK
MAY 06 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

LEO CORNELIUS SPURLING             PETITIONER

v.             Civil Action No. 5:21-CV-58-TBR

SCOTT JORDON, Warden             RESPONDENT

### PETITION

Comes now your Petitioner Leo Cornelius Spurling, and respectfully Petitions this Honorable Court for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and states:

1. The name of the court that entered the judgment of conviction being challenged is: Lyon Circuit Court, Eddyville, Kentucky 42038.
   The case number is: 88-CR-744
2. The date of the judgment of conviction and sentence was: August 14, 1989.
3. The sentence imposed was: 150 years.
4. Spurling was convicted of one crime.
5. Spurling was convicted of: 1 Ct. Murder.
6. Spurling plead not guilty and had a jury trial.
7. Spurling did testify at his trial.
8. Spurling appealed the judgment of conviction.
9. (a) The name of the appellate court was: Kentucky Supreme Court, Frankfort, Kentucky.
   (b) The docket number is: 1989-SC-638-MR.

(c) The Suprme Court affirmed the conviction.

(d) The date of the decision was: April 26, 1990.

(e) The case is unpublished.  Ex. A

(f) Spurling raised the following grounds:

  I. The Lyon Circuit Court committed reversible error by denying Spurling's motion for continuance in violation of the Sixth and Fourteenth Amendments;

  II. The trial judge committed reversible error by failing to make a Richardson admonition or instruction to the jury;

  III. The Lyon Circuit Court committed reversible error by overruling the motion for a mistrial which was based on the fact that Jeffery C. Kelly was not licensed to practice law in Kentucky during the trial of Spurling in violation of his Sixth and Fourteenth Amendment rights; and

  IV. The cumulative effect of the erros mentioned [above] constitutes reversible error.

(g) Spurling did not seek further review.

(h) Spurling did not seek certiorari in the U.S. Supreme Court.

10. Spurling has filed several post-conviction motions challenging the judgment in state court, but the only relevant proceeding is the current CR 60.02 post-conviction action raising a <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) violation.

11. (a)(1) The name of the court was: Lyon Circuit Court.

(2) The case number is: 88-CR-74.

(3) The motion was filed on December 6, 2017.

(4) The nature of the proceeding was a CR 60.02 post-conviction motion.

(5) Spurling raised the following ground:

Premised upon, Exhibits E-Q, Spurling establishes that a <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) violation occurred in his trial when: the Commonwealth in collusion with FBI SAC L.V. McGinty, the Kentucky State Police, Warden Seabold and the Department of Corrections, knowingly and intentionally suppressed material information and evidence derived from concurrent federal civil rights and state criminal investigations, from Spurling during his trial; the materiality of the suppressed evidence demonstrates a reasonable probability that Spurling is actually and factually innocent of Glenn Burks murder, and in such light, that any confidence in the verdict is not only seriously undermined, but utterly destroyed, making the judgment of conviction illegal and unconstitutional as an affront to the Fourteenth Amendment to the U.S. Constitution.

(6) Spurling did not receive a hearing on this matter.

(7) The action was denied.

(8) Date of result: January 30, 2019.

(b) Spurling appealed this issue to the Kentucky Court of Appeals.

12. Spurling hereby states that this ground in fact demonstrates that he is being held in violation of the Constitution of the United States.

**Ground One:**

Premised upon, Exhibits E-Q, Spurling establishes that a <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) violation occurred in his trial when: the Commonwealth in collusion with FBI SAC L.V. McGinty, the Kentucky State Police, Warden Seabold and the Department of Corrections, knowingly and intentionally suppressed material information and evidence derived from concurrent federal civil rights and state criminal investigations, from Spurling during his trial; the materiality of the suppressed evidence demonstrates a reasonable probability that Spurling is actually and factually innocent of Glenn Burks murder, and in such light, that any confidence in the verdict is not only seriously undermined, but utterly destroyed, making the judgment of conviction illegal and unconstitutional as an affront to the Fourteenth Amendment to the U.S. Constitution.

(1) This issue was raised post-conviction.

(2) This issue was presented in a CR 60.02 post-conviction motion in the Lyon Circuit Court, Case No. 88-CR-74; the trial court denied relief on January 30, 2019. Ex. B

(3) Spurling did not receive an evidentiary hearing.

(4) Spurling raised this issue on appeal.

(5) Appeal was taken to the Kentucky Court of Appeals, File No. 2019-CA-283-MR; the appellate court denied relief on

     June 12, 2020, and the opinion is attached hereto as Exhibit C.

    (6) Spurling did seek discretionary review in the Kentucky Supreme Court, File No. 2020-SC-302-D, which was denied on February 9, 2021. Ex. D

13. The ground in this petition has been exhausted.

14. Spurling has previously filed a 28 U.S.C. § 2254 petition in this Court, <u>Spurling v. Sapp</u>, No. 5:00-cv-P42-R.

15. Spurling does not have any petition or appeal pending in any state or federal court regarding the conviction challenged in this petition.

16. The name and addresss of each attorney representing Spurling in the state court proceedings relating to the conviction challenged are:

    a) All pretrial and trial proceedings: D. Jane Osborne, Hopkinsville, Kentucky 42240.

    b) On appeal: Robert Howell, Covington, Kentucky 41011.

    c) In this post-conviction and appeal proceedings: Petitioner, Leo Cornelius Spurling.

17. Spurling has a twenty (20) year sentence to serve from the Jefferson Circuit Court, Louisville, Kentucky, Case No. 83-CR-326 and a fifteen (15) year sentence from Lyon Circuit Court, Eddyville, Kentucky, Case No. 88-CR-69, after completion of the sentence for the judgment challenged in this petition.

18. Although the conviction in this case occurred in 1989 and Spurling's previous 28 U.S.C. § 2254 petition was dismissed

as untimely, this petition is timely pursuant to 28 U.S.C. § 2244(b)(2)(B(i,ii)) for the ground presented herein constitutes a violation of Brady v. Maryland as the Sixth Circuit held in Clark v. Nagy, 934 F.3d 483, 494 (6th Cir. 2019); see, In Re Theodore Maynard, Sixth Circuit Court of Appeals, No. 11-5093, Sept. 12, 2011, §B, Slip 4,5.

**Therefor**, Petitioner prays this Court to Unconditionally Grant the Writ; or alternatively hold an evidentiary hearing as required by Clark v. Nagy and any other relief to which Petitioner may be entitled.

Respectfully submitted,

*Leo Spurling*
Leo Cornelius Spurling
Petitioner, KSR #87808
266 Water St.
Eddyville, Kentucky 42038

## AFFIDAVIT

I, Leo Cornelius Spurling, affiant, the herein named Petitioner hereby declares pursuant to 28 U.S.C. § 1746 that the foregoing statements and appendiced documents are true and correct as they are personally known to me; and the original plus (1) copy hereof were mailed postage prepaid this 29 day of April 2021; to the U.S. District Court Clerk, 501 Broadway, Rm 127, Paducah, Kentucky 42001.

*Leo Spurling*
Leo Cornelius Spurling

-6-



Eric Lloyd (Hermansen)
KSR #126613
3001 W. Hwy 146
LaGrange, Kentucky
40032

KENTUCKY STATE REFORMATORY
LAGRANGE, KY 40032
INMATE MAIL
NOT RESPONSIBLE FOR CONTENTS

NEOPOST 05/03/2021
US POSTAGE $000.00
ZIP 40032
041M11457337

5:21-cv-58-TBR

FILED
JAMES J. VILT, JR. - CLERK
MAY 06 2021
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

U.S. District Court
Attn: Clerk
501 Broadway, Rm 127
Paducah, Kentucky
4001

RECEIVED
APR 30 2021
KSR MAIL ROOM